**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RONALD DAVID JONES,**

    **Plaintiff,**

vs.                                                          **Case No. 4:18cv82-MW/CAS**

**GADSDEN COUNTY SCHOOLS,
and KEITH DOWDELL,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this case along with several other cases in February 2018.  An Order was entered advising Plaintiff that it appeared that this case was redundant to his other cases.  ECF No. 4.  Plaintiff was advised to consider whether only one case was necessary to raise his claim, and he was directed to show good cause for continuing this case in light of the availability of relief in his other cases.  *Id.*  In response, Plaintiff has filed an amended civil rights complaint, ECF No. 5, under 42 U.S.C. § 1983.  This version of Plaintiff's complaint has been reviewed to determine if it is sufficient to state a claim.  In addition, it has been reviewed along with a

prior case Plaintiff filed in February 2015, also against Defendant Keith Dowdell, and several other Defendants (Jack McLean, Ann Sherman, and Greg Taylor).  *See* case # 4:15cv81-RH/CAS.

Case number 4:15cv81 alleged that Defendant Dowdell was campaigning for re-election on April 22, 2014, when he told Plaintiff about a pay check that he should have received from the City of Quincy.  ECF No. 14 at 2.  Plaintiff went to inquire about the check at City Hall which led to an issue between Plaintiff, the interim City Manager (Mike Wade), and his secretary.  Upset about those events, Plaintiff went to a City Commission meeting and, on the following day, met with Mr. Wade.  Plaintiff contends Mr. Wade accused him of utility theft which culminated with Plaintiff's arrest in February of 2012, causing him hardship because he could not get paid as a substitute teacher if he was in jail and not at work.  Plaintiff alleges a multitude of issues with utility payments, having his meter box removed, the lack of electricity, and ultimately harassment because Plaintiff was attempting to start a place of worship called the Holy Ghost Temple.  ECF No. 14 at 2-6.

The factual events of that case (ECF No. 14 of case number 4:15cv81) are the same as the events alleged in this case.  *See* ECF No. 5.

Accordingly, the recommendation which was made in that case then is the same as it is now: the complaint is frivolous and the facts presented are insufficient to state a claim against any Defendant. *See* ECF No. 15 of case number 4:15cv81.

Moreover, the "doctrine of res judicata, or claim preclusion, bars the re-litigation of claims that were raised or could have been raised in a prior proceeding." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013) (cited in McCulley v. Bank of Am., N.A., 605 F. App'x 875, 877 (11th Cir. 2015)). Res judicata bars a successive lawsuit when four elements are met: 1) there was a final judgment on the merits in the first case, (2) the court entering judgment was a court of competent jurisdiction, (3) the parties in the instant case were parties in the prior case, and (4) both lawsuits involve the same causes of action. McCulley, 605 F. App'x at 878 (holding that plaintiffs who brought second lawsuit seeking to enjoin mortgage foreclosure "had a full and fair opportunity to litigate" their claims in the first case and the complaint was properly dismissed on res judicata grounds). All elements are met in this case. Both of Plaintiff's cases were brought as civil rights actions under § 1983, and there was a final judgment entered in Plaintiff's first case, by this Court, a federal court of competent

jurisdiction.  See ECF Nos. 17-18 of case number 4:15cv81.  Moreover, Plaintiff raised the same claim against Defendant Dowdell, based on the same set of facts.  The prior case was dismissed on the merits, for lack of merit, and the Eleventh Circuit Court of Appeals affirmed that dismissal.  See ECF Nos. 25-26, case # 4:15cv81.  Therefore, this case is barred by res judicata and should be summarily dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 5, be **DISMISSED** as barred by res judicata.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2018.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.